1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   LANGER JUICE COMPANY, INC.,        Case No. 2:21-CV-02462-AB-PVC

12                    Plaintiffs,

13                                       **ORDER DENYING MOTION TO
                                         REMAND**
14   v.

15   ZUCARMEX USA, INC.,

16                    Defendants.

17

18          Before the Court is Plaintiff Langer Juice Company, Inc.'s ("Plaintiff") Motion

19   to Remand.  (Dkt. No. 10, "Motion" or "Mot.").  Defendant Zucrum Foods, LLC,

20   doing business as Zucarmex USA, ("Defendant"), opposed (Dkt. No. 13, "Opp'n"),

21   and Plaintiff replied (Dkt. No. 15, "Reply").  The Court took the matters raised with

22   respect to the Motion under submission without oral argument pursuant to Local Rule

23   7.15.  For the following reasons, the Court **DENIES** the Motion.

24   **I. BACKGROUND**

25          **A. Factual Background**

26          Plaintiff alleged in their Complaint (Dkt. No. 1-1 Exh. A, "Complaint" or

27   "Compl."), that in August 2020, they purchased liquid sugar from the Defendant to

28   add to the juice their company makes, however the batch of juice was contaminated

                                            1.

by the sugar, resulting in an improper smell that forced Plaintiff to recall all juice made with said sugar, as it was rendered unsaleable and not consumable. (Compl. ¶ 3.) Plaintiff had the juice tested by a certified lab, allegedly revealing that the liquid sugar from the Defendant had acidophilic thermophilic bacteria and guaiacol, which were responsible for making the juice undrinkable. (Compl. ¶ 5.)

**B. Procedural Background**

Plaintiff filed their complaint against the Defendant on February 2, 2021 (Dkt. No. 1) in the Los Angeles County Superior Court, alleging four causes of action, including: strict liability under 21 U.S.C. § 342(a) of the Federal Food Drug and Cosmetic Act ("FDCA") and California's Sherman Food, Drug and Cosmetic Laws, California Health and Safety Code § 109875 et sec.; breach of implied warranty; negligence; and breach of contract. (*See generally* Compl.)

Defendant was served with the Complaint on February 19, 2021 (Dkt. No. 1 Notice of Removal ("NOR"), ¶ 5.) and removed the case to this Court on March 19, 2021, citing both federal question and diversity jurisdiction. (*See generally* NOR.) Plaintiff filed the instant Motion on April 13, 2021. (*See generally* Mot.)

**II. LEGAL STANDARD**

Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove an action pursuant to that provision, … original subject-matter jurisdiction must lie in the federal courts." (cleaned up)). Thus, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Determination of federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs properly pleaded complaint." *Cal. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The defendant seeking removal of an action from state

1  court bears the burden of establishing grounds for federal jurisdiction, by a

2  preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599

3  F.3d 1102, 1106–07 (9th Cir. 2010).

4  "The burden of establishing jurisdiction falls on the party invoking the removal

5  statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec.,*

6  *Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve

7  all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582

8  F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

9  Cir. 1992)). A removed case must be remanded "[i]f at any time before final

10  judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.

11  § 1447(c).

12  **III. DISCUSSION**

13  Plaintiff has moved to remand this action to state court, based on the claims that

14  there is neither diversity nor federal question jurisdiction. (*See generally* Mot.) First,

15  Plaintiff argues that there is no diversity jurisdiction because the Defendant has its

16  principal place of business in California and thus Defendant is not diverse from

17  Plaintiff. (*Id.* at 2.) Second, Plaintiff argues there is no federal question jurisdiction

18  because the federal claim under the FDCA in their Complaint does not expressly

19  preempt the state law cause of action they alleged in accordance. (*Id.*)

20  In response, Defendant first argues that its principal place of business is in

21  Arizona, not California. (NOR at 4; Opp'n at 11.) Defendant also purports that the

22  inclusion of the FDCA claim necessarily implicates federal question jurisdiction, as it

23  is a federal statute. (NOR at 3; Opp'n at 6.) In addition, the Defendant did not assert

24  preemption as an affirmative defense, and states that Plaintiff's preemption arguments

25  are misplaced. (Opp'n at 7–9.) This Court agrees with the Defendant finds that

26  removal was appropriate.

27  **A. Diversity Jurisdiction**

28  Neither party disputes that the amount in controversy for this case exceeds

$75,000.  (NOR at 3–4; *See* 28 U.S.C. § 1332.)  Defendant noted that the amount in controversy likely exceeds that threshold three times over. (NOR at 3–4.)  Thus, the only remaining issue with respect to diversity jurisdiction is whether there is complete diversity between the parties.

Corporations can have two states of citizenship—where they are incorporated and where their principal place of business, or "nerve center," is located.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).  The "nerve center" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Id.*)  In practice, this is usually the corporate headquarters, where high-level meetings take place.  In addition, where one of these two states is the same for either party, there is not complete diversity, and thus no grounds for removal based on diversity jurisdiction. (*Id.* at 87.)

The Plaintiff is incorporated in and has their principal place of business in the County of Los Angeles in California; these facts are not disputed by either party. (Dkt. 1-1, Declaration of Renee De Golier ("De Golier Dec.") Exh. E.)  Defendant is incorporated in Arizona as a Limited Liability Company.  (*Id.*)  Where the parties disagree is the home of Defendant's nerve center, or principal place of business.

Defendant asserts that its principal place of business located at 825 North Grand Avenue, Suite 200, Nogales, Arizona 85621.  (NOR at 4) (citing De Golier Dec. ¶ 4–5, Exhs. C, E.)  Further, Defendant states that "[a]ll operational and management decisions for [Defendant] are made in the State of Arizona where the sole Members of the LLC are domiciled."  (NOR at 4) (citing De Golier Dec., Exh. E.)  Plaintiff argues that the North Grand address cannot be considered a legitimate address for their high level operations as it is merely an address for Defendant's statutory agent's law offices.  (Mot. at 2.)  Instead, Plaintiff contends that Defendant's "nerve center" or principal place of business is its San Diego refinery/manufacturing plant, with address 7122 Enrico Fermi Place, San Diego, CA 92154.  (Mot. at 10) ("This location is Defendant's only manufacturing plant in the U.S. and therefore, the location where

4.

1 Defendant prepares, supervises, stores, manufactures, and distributes its product to

2 clients, including to Langer.").

3      While it does appear that Defendant conducts general business activities in

4 California, such activities are not dispositive—high level activities are the threshold.

5 *See Hertz*, 559 U.S. at 94.  Defendant provides undisputed affidavits from its high-

6 level members which state that the San Diego facility is a "constituent" part that lacks

7 independence from the Arizona office and operates pursuant to the decisions made at

8 the Arizona office.  (Opp'n at 12) (citing Declaration of Jorge De La Vega Canelos

9 ("Canelos Dec." at ¶¶ 1–3, 5–10.)  Given these detailed affidavits and attached

10 exhibits, the Court finds that Defendant meets its burden of showing that its

11 operational activities emanate from Arizona.  *See, e.g., City of Vista v. Gen.*

12 *Reinsurance Corp.*, 295 F. Supp. 3d 1119, 1124 (S.D. Cal. 2018); *DeLeon v. Wells*

13 *Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1123 (N.D. Cal. 2010); *Langston v. T-*

14 *Mobile US, Inc.*, No. LACV1801972JAKASX, 2018 WL 2382464, 3 (C.D. Cal. May

15 24, 2018); *Portillo v. Chipotle Mexican Grill, Inc.*, No. EDCV1701497ABJCX, 2018

16 WL 637386, 2–3 (C.D. Cal. Jan. 31, 2018).

17      Accordingly, because Plaintiff is a citizen of California and Defendant is a

18 citizen of Arizona, the Court finds that Defendant has met its burden of establishing

19 complete diversity and thus appropriateness of removal.

20      **B. Federal Question Jurisdiction**

21      Alternatively, the Court also finds that it has federal question jurisdiction over

22 this matter.  The question before the Court is whether inclusion of a federal claim, one

23 which could be interpreted as stemming from a state law claim, in the original

24 complaint, is sufficient grounds for removal.  The Court finds that it is.

25      In their Complaint, Plaintiff alleged a federal claim under the FDCA in addition

26 to their claim under California's Sherman Food, Drug and Cosmetic Laws, California

27 Health and Safety Code § 109875 et sec.  (*See* Compl.)  Defendant cites the inclusion

28 of the FDCA claim as one of its grounds for removal.  (NOR at 3.)   Plaintiff states

1  that mere inclusion of a federal claim does not necessarily implicate a federal

2  question, and asks the Court to ignore the federal claim, but has not amended their

3  original Complaint to drop such claim.  (Mot. at 12.)

4      Plaintiff points out that, according to *Duncan v. Stuetzle*, they are "the 'master'

5  of [their] own case, and if the plaintiff can maintain its claims on both state and

6  federal grounds, the plaintiff may ignore the federal question, assert only state claims,

7  and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). (Mot. at

8  12.)  However, *Duncan* does not stand for the proposition that a plaintiff may ignore a

9  federal claim that is expressly asserted in the complaint.  Indeed, the plaintiff in

10  *Duncan* did not assert any federal causes of action in their original complaint, as

11  Plaintiff in this case has done.  (*Id.*)  While a plaintiff may ignore federal claims if

12  they choose and keep them out of a complaint, the Plaintiff has not done so in this

13  case. (Opp'n, at 6.)  As noted, remand usually requires that a plaintiff amend their

14  complaint to take out any federal causes of action.  *See Duncan*, 76 F.3d at 1485.

15      Accordingly, the Court need not undergo any lengthy analysis to determine

16  whether Plaintiff's Complaint "arises under" federal law.  *Gunn v. Minton*, 568 U.S.

17  251 (2013).  The "arising under" analysis is to determine whether a federal court has

18  jurisdiction over a purely state law claim but such an analysis is not applicable to the

19  instant case.  Defendant is not asking the Court to exercise federal jurisdiction over a

20  state law claim—Plaintiff expressly included a federal cause of action in their

21  Complaint.  Thus, the Court need not analyze whether any state law claim "arises

22  under" federal law.

23      Plaintiff also argues that the Court should ignore the federal claim because there

24  is not express preemption of state law claims by the FDCA, because the state law's

25  requirements are not different than the federal requirements, and the two have very

26  similar language.  (Reply at 5; Mot. at 14.)  However, Defendant is not arguing that

27  the FDCA preempts Plaintiff's state law claims.  (Opp'n at 7.)  Again, Plaintiff

28  expressly included the FDCA claim in their Complaint.  The Court agrees with

Defendant that preemption principles articulated in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) are more ostensibly intended to embrace protection of the federal court's original jurisdiction, as opposed to providing methods by which to avoid federal jurisdiction by utilizing state law claims. Preemption provides *removing parties* with an option of seeking removal on the basis that a state law claim is preempted by a by an implicated federal question *not already asserted in the Complaint. See id.* Again, Defendant did not remove on the mere basis that a federal issue was implicated. Defendant removed on the basis that a federal claim was expressly invoked. Accordingly, the Court agrees with Defendant that Plaintiff's preemption arguments are misplaced.

As Plaintiff is actively alleging a federal cause of action, placed expressly in their Complaint, this necessarily implicates federal question jurisdiction. Thus, the Court also has federal question jurisdiction over this matter.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. The matter will remain in federal court.

Dated: July 1, 2021

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE